IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ASPEN PROPERTIES GROUP,          :
LLC AS TRUSTEE FOR ASPEN         :      C.A. No. K19L-04-014 WLW
G REVOCABLE TRUST,               :
                                 :
        Plaintiff,               :
                                 :
    v.                           :
                                 :
ESTATE OF SHEILA L. JOHNSON-     :
BROWN c/o RICHARD F. BROWN       :
Personal Representative, and     :
RICHARD F. BROWN, Heir,          :
                                 :
        Defendants.              :

Submitted: March 2, 2020
Decided: June 18, 2020

**ORDER**

Defendants' Motion for Judgment on the Pleadings
*Denied.*

Catherine Di Lorenzo, Esquire and Darlene Wyatt Blythe, Esquire of Stern & Eisenberg Mid-Atlantic, P.C., Newark, Delaware; attorneys for Plaintiff.

Frances Gauthier, Esquire of Legal Services Corporation of Delaware, Wilmington, Delaware; attorney for Defendants.

WITHAM, R.J.

## INTRODUCTION

Presently before the Court is Defendant's Motion for Judgment on the Pleadings. After considering Defendant's Motion, Plaintiff's Response in Opposition, the applicable legal authority, and the record of the case, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. Sheila L. Johnson-Brown passed away on October 21, 2016.[1] For several months before her death, her husband, Richard F. Brown, Defendant in this case, looked after her and handled her financial affairs.[2] Defendant knew that Mrs. Johnson-Brown obtained a loan in the amount of $165,830 ("First Mortgage") from Dollar Mortgage Corporation on April 6, 2005, which was secured by a mortgage on the couple's house located at 150 Greens Branch Lane, Smyrna, Delaware.[3] Defendant made payments on the loan during Mrs. Johnson-Brown's illness and after her death.[4] In 2018, Defendant received some correspondence regarding another loan of which he had no knowledge.[5]

2. On May 7, 2019, Defendant was served a Complaint filed by Plaintiff.[6] The

---

[1] Defendant's Motion for Judgment on the Pleadings ("Def. Mot") ¶ 1.

[2] *Id.* at ¶ 2.

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 4.

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

Complaint stated that on April 6, 2005, Mrs. Johnson-Brown also obtained another loan in the amount of $71,070 ("Second Mortgage") secured by the couple's home located at 150 Greens Branch Lane, Smyrna, Delaware.[7] This mortgage was recorded with the Kent County Recorder of Deeds on May 24, 2005.[8] The Complaint further stated that the loan was in default, that Plaintiff sent Defendant a Notice of Intent to Foreclose on October 2, 2018, and that Defendant had not cured the default.[9] Dollar Mortgage Corporation was the original lender of the second loan.[10] A mediation was held on July 1, 2019.[11] During the mediation, Defendant claimed that Mrs. Johnson-Brown never received any funds in connection with the Second Mortgage.[12] On July 19, 2019, Plaintiff emailed Defendant several documents related to the Second Mortgage.[13]

## PARTIES' CONTENTIONS

3. Defendant argues that Plaintiff never made advances to Mrs. Johnson-Brown in connection with the Second Mortgage, and, therefore, cannot foreclose on the

---

[7] *Id.*

[8] *Id.*

[9] Compl. ¶ 4.

[10] *Id.* at ¶ 7. The loan was subsequently assigned to Plaintiff.

[11] *Id.* at ¶ 11.

[12] *Id.*

[13] *Id.* at ¶ 12.

3

property.[14] Defendant further claims that Mrs. Johnson-Brown never received any correspondence from Plaintiff or its predecessors prior to 2018.[15] Defendant points out that the financial documents Plaintiff provided support his position that Mrs. Johnson-Brown never received any funds in connection with the Second Mortgage.[16] Furthermore, Defendant claims that Plaintiff never presented an underlying note that corresponds to the Second Mortgage and never established that the assignment of the note was proper in this case.[17]

4. Plaintiff states that discovery and evidentiary hearings are necessary in this case.[18] Plaintiff claims that the borrowers made payments on this loan for some time, which indicates that the funds were, in fact, disbursed.[19] Plaintiff further points out that even though Defendant appears to expect Plaintiff's case to be proven in the pleadings, he does not present any evidence supporting his position that the funds were never received by Mrs. Johnson-Brown and is just asking the Court to take his word for it.[20] Plaintiff claims that the loan involved in this case is valid and was

---

[14] *Id.* at ¶ 9.

[15] *Id.* at ¶ 10.

[16] *Id.* at ¶ 13.

[17] *See Id.*

[18] Plaintiff's Response to Motion for Judgment on the Pleadings ("Pl. Response") ¶ 13.

[19] *Id.*

[20] *Id.*

properly assigned.[21] Furthermore, Plaintiff states that a copy of the note was provided to Defendant's counsel.[22] Plaintiff requests the Court to convert Defendant's Motion into a motion for summary judgment because Defendant is asking the Court to consider documents and facts outside of the pleadings.[23]

## STANDARD OF REVIEW

5. Defendant is seeking the dismissal of the Complaint based on the failure to state a claim upon which relief can be granted. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[24] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[25]

6. Plaintiff is asking the Court to convert the Motion into one for summary

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at ¶ 16.

[24] *Alpha Contracting Services, Inc.*, 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[25] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

judgment. Summary judgment will be granted when, viewing all evidence in the light most favorable to the non-moving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[26] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the non-moving party to show that there are material issues of fact in dispute.[27] The Court views the record in the light most favorable to the non-moving party.[28] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be granted.[29] However, when material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[30]

## DISCUSSION

7. Delaware courts generally do not consider documents outside the pleadings

---

[26] *Enrique v. State Farm Mutual Auto-Mobile Insurance Co.*, 2015 WL 6330920, at *3 (Del. Super. Oct. 14, 2015) *aff'd* 142 A.3d 506 (Del. 2016) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991); *see also* Super. Ct. Civ. R. 56(c)).

[27] *Bishop v. Progressive Direct Insurance Co.*, 2016 WL 7242582, at *1 (Del. Super. Dec. 15, 2016).

[28] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[29] *Slaubaugh Farm, Inc., et. al. v. Farm Family Cas. Ins. Co.*, 2018 WL 5473033, at *2 (Oct. 29, 2018) (citing *Burhart*, 602 A.2d at 59 cert. den., 504 U.S. 912 (1992); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).

[30] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del.1962).

under Rule 12(b)(6).[31] In limited circumstances, the Court may rule on a 12(b)(6) motion relying on documents outside the pleadings.[32] "Courts that have employed this relatively limited course when deciding a motion to dismiss will only consider those documents that are the 'very documents that are alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but *only* to determine what the documents stated.'"[33] Otherwise, when matters outside the pleadings are presented in support of a motion to dismiss, the Court may treat the motion as one for summary judgment.[34] Here, because the documents are being considered to prove the truth of their content and the fact that Mrs. Johnson-Brown did not receive any funds in connection with the Second Mortgage, it is appropriate to consider them as a part of a motion for summary judgment.

8. Further discovery is appropriate when a motion to dismiss is converted into a motion for summary judgment.[35] The Court must give an adequate notice of

---

[31] *See Highland Capital Management, LP. v. T.C. Group, LLC.*, 2006 WL 2128677, at *2-3 (Del. Super. July 27, 2006); *see also Sloan v. Segal*, 2008 WL 81513 at *6 (Del. Ch. Jan 3, 2008).

[32] *Highland Capital Management, L.P.*2006 WL 2128677, at *2-3.

[33] *Id.* at *3 (quoting *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 670 (Del.1995) (holding that a document may not be considered in a motion to dismiss where it "is not put forth by plaintiffs as an admission of the truth of the facts referred to therein," but may be used to "establish formal, uncontested matters")).

[34] *See Id.*

[35] *See Id.*

conversion to the parties.[36] "Adequate notice allows parties an opportunity to submit evidentiary materials to support or oppose summary judgment and protects opposing parties from what, in effect, is 'summary judgment by ambush.'"[37] Specifically, "Superior Court must give the parties at least ten days notice of its intent to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment."[38] The notice is not required only when all parties are aware of the true nature of the proceedings and have already submitted all evidence related to dispositive issues.[39] This does not appear to be the case here. Therefore, the parties should engage in discovery to determine whether Defendant is responsible for the loan balance in connection with the Second Mortgage. The parties have 60 days to submit their discovery and any additional memoranda for the Court to consider on a Motion for Summary Judgment.

---

[36] *Appriva Shareholder Litigation Co., LLC. v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007).

[37] *Id.* (quoting *Geco Corp. v. H.D. Smith Wholesale Drug Co.*, C.A. No. 06–0685, 2006 WL 3359652, at *2 (D.N.J. Nov. 17, 2006).

[38] *Id.* at 1288.

[39] *Id.*

## CONCLUSION

9. For the reasons mentioned above, Defendant's Motion for Judgment on the Pleadings is **DENIED.**

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh